Filed 6/18/14  P. v. Maher CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID WAYNE MAHER,<br><br>    Defendant and Appellant. | G049119<br><br>(Super. Ct. No. R00333)<br><br>O P I N I O N |

\*          \*          \*

        Appeal from a judgment of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, §21.)  Affirmed.

        Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant David Wayne Maher pleaded guilty to possessing a dirk or dagger in violation of Penal Code section 12020, subdivision (a)(1). The factual basis for the plea states: "In Orange County, California, on July 10, 2010, I did unlawfully possess a weapon commonly known as a dirk/dagger."

Defendant was initially placed on probation, but it was later revoked and he was sentenced to two years in state prison. Thereafter, he violated the conditions of his postrelease community supervision several times.

In October 2013, defendant was again found to be in violation of the conditions of his postrelease community supervision. The court revoked and reinstated supervision, and ordered defendant to serve an additional 160 days in custody. This appeal followed, without a certificate of probable cause. (Pen. Code, § 1237.)

After defendant appealed we appointed counsel to represent him. Counsel filed a brief which set forth the facts and the disposition of the case. He did not argue against defendant, but advised he had not found any issues to argue on defendant's behalf. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende* ).) And, ostensibly to assist us in our independent review of the record, he suggested we consider certain specific issues pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

Because defendant is a transient, his counsel was unable to contact him to advise him of the filing of a *Wende* brief and his opportunity to file his own supplemental brief. And we have received no communication from defendant.

**DISCUSSION**

Counsel represents his opening brief is filed in accordance with *Wende*. The court in *Wende* held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.) A *Wende* brief, therefore, is one that sets forth a summary of proceedings and facts but raises no specific issues. (*Ibid*.)

2

In this case, while purporting to file a *Wende* brief, counsel has listed a number of legal issues, with citations to cases but no supporting argument. These issues are: (1) whether the court violated defendant's constitutional due process and/or confrontation rights by finding defendant violated the conditions of his postrelease community supervision, based solely on a "'Probation Officer's Allegation of Violation of Postrelease Community Supervision'"; and (2) whether his conviction is a legal nullity, because Penal Code section 12020, subdivision (a)(1) did not prohibit possessing a dirk or dagger. This list of legal issues goes beyond pointing to "anything in the record that might arguably support the appeal." (*Anders*, *supra*, 386 U.S. at p. 744.)

When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) However, in this case the issues were presented by appellate counsel, not the appellant, and thus *Kelly* does not apply.

The fact that counsel filed the opening brief under *Wende* confirms he does not believe the issues listed are arguable. If he thought they were arguable, he could not rely on the *Wende* procedure and would instead be obligated to file a brief that included written argument on these issues. (Cal. Rules of Court, rule 8.204(a)(1)(B).) Indeed, if his listing of these issues makes his brief something other than a *Wende* brief, then his failure to provide supporting legal argument allows us to disregard them. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2; *People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37.)

Regardless, we have considered the issues listed by counsel and conclude they fail on the merits. We have also reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. There are no legal issues that require further briefing.

# DISPOSITION

The judgment is affirmed.


                                    THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.